J-A26030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DIANE E. MACKIE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS J. MACKIE | : | |
| | : | |
| Appellant | : | No. 465 WDA 2019 |

Appeal from the Order Entered February 27, 2019
In the Court of Common Pleas of Washington County Domestic Relations
at No(s):  473 DR 2013

BEFORE:  SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 30, 2019**

Thomas J. Mackie ("Husband") appeals from the order, entered in the Court of Common Pleas of Washington County, authorizing the Washington County Domestic Relations Office to seize his assets in satisfaction of support arrearages to Diane E. Mackie ("Wife") in the amount of $27,962.92.  Upon careful review, we affirm.

This matter has a long and tortured procedural history, a full recitation of which is not necessary to the resolution of this appeal.  Husband filed for divorce in 2013.  Wife sought spousal and child support from Husband, which the court awarded.  Requests for modification were filed by both parties; the details of various proceedings before the support hearing officer are not relevant here.  The trial court entered a decree of divorce on May 19, 2017, which both parties appealed.  By report dated October 2, 2017, the hearing officer recommended that Wife be awarded $2,509 per month in alimony

*pendente lite* ("APL") during the pendency of the appeal. Both parties filed exceptions to this report. Following various proceedings before both the hearing officer and the trial court, on September 18, 2018, the court issued an order which, in relevant part, directed Husband to pay the following to Wife: effective September 12, 2016, the sum of $3,991 per month for spousal and child support; effective April 4, 2017, the sum of $3,591 in spousal support only. Effective May 19, 2017, the previous award of spousal support was to convert to APL. Effective June 1, 2018, Husband was to pay Wife monthly APL in the amount of $4,475. The order noted that Husband's arrears as of August 31, 2018 totaled $24,263.70 and directed him to make payments thereon in the amount of $250 per month. Husband appealed the court's September 18, 2018 order, but did not challenge the court's calculation of his arrears as of August 31, 2018.[1]

On October 5, 2018, the Domestic Relations Section issued a "Notice of Credit Bureau Reporting" noting arrears in the amount of $28,738.70, consisting of the arrears as of August 31, 2018 in the amount of $24,263.70 as set forth in the September 18, 2018 order, plus unpaid support in the amount of $4,475 for the month of September 2018. Husband filed an objection to the Notice, "contesting the balance due as stated in the document[.]" Contest of Notice to Credit Bureau, 10/18/18, at 1. The hearing

---

[1] Husband did not seek supersedeas of the court's September 18, 2018 order upon appeal. *See* Pa.R.A.P. 1731(b) (appeal from order of support or alimony operates as supersedeas only upon application to and order of trial court and filing of security).

officer denied the objection, concluding that it was actually a collateral attack on prior findings of the court regarding Husband's arrearages. The hearing officer also stated that the arrears balance in the notice would be brought up to date. Husband filed no exceptions to the findings of the hearing officer and, on January 14, 2018, the trial court denied Husband's objections and directed the Domestic Relations Section to submit a revised notice to credit bureau agencies reflecting an arrears balance as of December 17, 2018 of $33,088.70.

On February 14, 2019, Wife filed a pleading styled "Attachment of Assets Held By Financial Institutions and Seize Periodic or Lump Sum Payments From Employers, Retirement Accounts and Disability Benefits." Wife alleged that Husband had failed to pay support for the month of September 2018. Accordingly, she argued, the arrearages set forth in the September 18, 2018 order converted from "past due support" to "overdue support" subject to enforcement, including attachment and seizure of Husband's assets. Husband filed no response and, on February 27, 2019, the court entered an order directing the Washington County Domestic Relations Office to "seize assets not to exceed $27,962.92[2] belonging to Thomas Mackie" and to release any remaining balance of the seized assets to Husband. The court further directed

---

[2] The Domestic Relations Section certified that, as of February 27, 2019, Husband's delinquent arrears totaled $27,962.92. *See* Certification of Arrears, 4/1/19.

that any funds seized be held in escrow pending resolution of Husband's appeal with respect to the September 18, 2018 order.[3]  Husband filed a timely appeal, in which he asserts that the trial court's order of seizure was in error or constituted an abuse of discretion.

We begin by noting that our standard of review in matters of support allows us to reverse the trial court only when there has been an abuse of that court's discretion.  ***Ney v. Ney***, 917 A.2d 863, 866 (Pa. Super. 2007).

The domestic relations section possesses the authority to "[i]ssue orders in cases where there is a support arrearage to secure assets to satisfy current support obligation and the arrearage by:  . . . [a]ttaching and seizing assets of the obligor held in financial institutions."  23 Pa.C.S.A. § 4305(b)(10)(iii). The Rules of Civil Procedure implementing this provision are set forth in Rules 1910.20(b)(3) and 1910.23.  Rule 1910.20 provides that "[u]pon the obligor's failure to comply with a support order, the order may be enforced . . . pursuant to Rule 1910.23, attaching and seizing assets of the obligor held in financial institutions[.]"  Pa.R.C.P. 1910.20(b)(3).  Rule 1910.23 provides, in relevant part, as follows:

---

[3] The assets to be seized pursuant to the order now on appeal were directed to be held in escrow pending the outcome of the appeal of the September 18, 2018 order.  On October 2, 2019, this Court issued a memorandum decision affirming, in part, and vacating, in part, that order, and remanding the matter to the trial court for a determination as to whether certain reimbursed expenses constitute income to Husband.  In the event those proceedings result in a change to Husband's income for prior years, the court shall release to Wife only such escrowed funds as she is due in light of the revised income calculation.

> (a) Upon identification of an obligor's assets held by a financial institution, the court shall, upon certification of the overdue support owed by the obligor, enter an immediate order prohibiting the release of those assets until further order of court. . . . Service of the order on the financial institution shall attach the asset up to the amount of the <u>overdue</u> support until further order of court.

Pa.R.C.P. 1910.23(a) (emphasis added).

The support guidelines differentiate between "overdue support" and "past due support" as follows:

> "Overdue support," the amount of delinquent support equal to or greater than one month's support obligation which accrues after entry or modification of a support order as the result of obligor's nonpayment of that order.

> "Past due support," the amount of support which accrues prior to entry or modification of a support order as the result of retroactivity of that order. <u>When nonpayment of the order causes overdue support to accrue, any and all amounts of past due support owing under the order shall convert immediately to overdue support and remain as such until paid in full</u>.

Pa.R.C.P. 1910.1(c) (emphasis added). Where an obligor defaults on a support order and "past due" support converts to "overdue" support, it remains "overdue" support until collected in full, and is subject to the full range of collection remedies. **See** Pa.R.C.P. 1910.1, comment—2000.

Here, the September 18, 2018 order fixed Husband's past-due arrearages at $24,263.70 as of August 31, 2018.[4] When Husband defaulted on his September 2018 payment, those "past due" arrearages immediately converted to "overdue" arrearages. **See** Pa.R.C.P. 1910.1(c). Accordingly,

---

[4] We note again that Husband did not challenge the court's calculation of arrearages in his appeal of the September 18, 2018 order.

those arrearages became subject to full range of collection remedies, including the attachment and seizure of assets held in financial institutions pursuant to 23 Pa.C.S.A. § 4305(b)(10)(iii).

In his brief, Husband attempts to argue, without proof, that the Domestic Relations Section is somehow responsible for his overdue arrearages because his wages were allegedly attached at the time, and he "had every reason . . . to anticipate that the wage attachment would be applied to the September 18 order." Brief of Appellant, at 16. Particularly in light of Husband's contumacious conduct throughout the pendency of this matter, this attempt to deflect blame for his default is disingenuous at best. The obligation to make the payments was Husband's alone and he—again—failed to comply with the court's order. He is entitled to no relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2019